RIEGEL, Appellant,

v.

OHIO VETERINARY MEDICAL BOARD, Appellee.

[Cite as *Riegel v. Ohio Veterinary Med. Bd.* (1995), 101 Ohio App.3d 148.]

Court of Appeals of Ohio,
Third District Union County.

No. 14–94–41.

Decided Feb. 10, 1995.

*John W. Dailey, Jr.,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Amy Nash Golian,* Assistant Attorney General, for appellee.

EVANS, Judge.

This is an appeal from a decision and order of the Court of Common Pleas of Union County in which the order of the Ohio Veterinary Medical Board suspending the license of the appellant for six months was upheld.

Appellant's position in this case presents us with questions of statutory construction. The first assignment of error is as follows:

"Appellant did not violate the provisions of O.R.C. 4741.22(Q) prohibiting a registered veterinary technician to perform a duty not permitted to be performed by such technician, *i.e.*, surgery."

R.C. 4742.22(Q) provides in pertinent part as follows:

"The state veterinary medical licensing board may * * * suspend * * * the license * * * of * * * any person licensed to practice veterinary medicine * * * who:

" * * * * *

"(Q) Permits a person not a licensed veterinarian, a veterinary student extern, or a registered veterinary technician to engage in work or perform duties in violation of this chapter[.]"

■ Appellant argues that this statute should be read to prohibit permitting persons who are not licensed veterinarians, not veterinary student externs, and not registered veterinary technicians to perform duties in violation of R.C. Chapter 4741.

■ When construing a statute the legislative intent is the primary consideration. It is without question that the legislative intent in enacting R.C. Chapter 4741 was the regulation and control of the practice of veterinary medicine. If the statutory provision is given appellant's construction, the regulatory body of the state is given control over only one situation, that being the practice of veterinary medicine by individuals with no formal training in the profession. Persons who are not licensed veterinarians, not student externs, and not veterinary technicians are all persons without any formal training in the profession. Thus, the effect of appellant's construction would be that the three categories referred to in subsection (Q) are redundant, because they all mean the same thing. Furthermore, the construction urged by appellant would severely restrict the control that the board can exercise over the practice of veterinary medicine, in that the activities of student externs and veterinary technicians while associated with a licensed veterinarian in his clinic would not fall under the jurisdiction of the board. We decline to accept appellant's construction of the statute.

As stated above, legislative intent is the primary consideration in construing a statute. Clearly, the legislative intent in this instance is the regulation and supervision of the practice of veterinary medicine in this state. It is obvious that student externs and veterinary technicians will be engaged in veterinary medicine and associated with licensed veterinarians in Ohio. Thus, we conclude that the legislature intended to give the board supervision over these two groups. We note that R.C. 4741.19 provides in detail the areas of practice permitted to a student extern and a veterinary technician. Reading R.C. 4741.22 as appellant

suggests would mean that the board would have no way to enforce the provisions of R.C. 4741.19. We conclude that R.C. 4741.22(Q) must be read to mean that student externs and veterinary technicians, as well as persons who are not licensed veterinarians, are included within the meaning of the paragraph.

The assignment of error has no merit and it is overruled.

Appellant's second assignment of error is as follows:

"The decision of the appellee and of the court of common pleas that Dr. Riegel violated ORC 4741.22(Q) is not supported by reliable, probative and substantial evidence."

Appellant's arguments in support of this assignment of error are twofold. First, appellant argues that his technician was always supervised while performing surgery. However, permitting a technician to perform surgery even while under the supervision of a licensed veterinarian is a violation of R.C. 4741.22(Q). The technician is authorized to assist the veterinarian in surgery, but not to perform surgery under supervision. See R.C. 4741.19(C)(5). Next appellant argues that all of the witnesses who testified that appellant's technician performed unsupervised surgeries were unable to give the name of the client, the date of the operation or the type of the surgery performed. This lack of detail about the event in question goes to the weight to be given to the testimony. It does not render the testimony unreliable or insubstantial, and the evidence remains probative. Thus, we find no abuse of discretion on the part of the trial court in sustaining the order of the state veterinary medical licensing board.

Having found no error prejudicial to the appellant in any of the particulars assigned and argued, we affirm the judgment of the Court of Common Pleas of Union County.

*Judgment affirmed.*

SHAW, P.J., and HADLEY, J., concur.